IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION


HARLEYSVILLE WORCHESTER
INSURANCE COMPANY                                                                      PLAINTIFF


VS.                             CASE NO. 6:12-CV-6057


DIAMONDHEAD PROPERTY OWNERS
ASSOCIATION, INC; FRED ENSMINGER;
JERRY CHAMBLISS; and CYNTHIA NELSON                                         DEFENDANTS


### AMENDED MEMORANDUM OPINION

By its Memorandum Opinion on April 11, 2013, the Court granted Plaintiff Harleysville Worchester Insurance Company's Motion for Summary Judgment. (ECF No. 51). The Court declared as a matter of law that Harleysville has no duty to defend or indemnify Defendant Diamondhead Property Owners Association, Inc. in a separate state court action involving the personal injuries and property damage of Defendants Jerry Chambliss and Cynthia Nelson. The Court, however, neglected to specify that Harleysville also owes no duty to defend or indemnify Diamondhead employee, Fred Ensminger, in that state court action. The Court's Opinion is amended as follows:

Before the Court is Plaintiff Harleysville Worchester Insurance Company's Motion for Summary Judgment. (ECF No. 38). This case involves an insurance contract dispute between Harleysville and Diamondhead Property Owners Association, Inc. Harleysville, the insurer, asks the Court to declare as a matter of law that it has no duty to defend or indemnify Diamondhead, the insured, or its employee, Fred Ensminger, in a separate personal injury lawsuit in an

Arkansas state court. Defendants have not responded to Harleysville's motion.[1] The matter is ripe for the Court's consideration.

The Court grants Harleysville's motion because the undisputed facts show that the parties' insurance contract unambiguously excludes the coverage sought by Diamondhead in the underlying state court action.

## BACKGROUND

The parties in this case dispute whether Harleysville owes certain duties to Diamondhead under their insurance contract. Harleysville filed this declaratory judgment action seeking to avoid coverage for personal injuries and property damage suffered by Defendants Jerry Chambliss and Cynthia Nelson on Diamondhead's premises.

In July 2010, Ensminger was involved in a "shoot-out" with Chambliss and Nelson outside of their home within the Diamondhead community. Ensminger, an employee of the Diamondhead Police Department, brought suit against Chambliss for his injuries during the incident, and Nelson was later joined in the lawsuit as a Defendant. Chambliss and Nelson then filed a counterclaim against Ensminger for their injuries and property damage during the incident and joined Diamondhead as a third-party Defendant.

The third-party complaint alleges nine claims: (1) assault and battery; (2) property damage; (3) malicious prosecution/abuse of process and false imprisonment; (4) gross negligence; (5) negligence; (6) negligent hiring; (7) negligent retention; (8) negligent supervision; and (9) outrage. Most of these claims are brought against Diamondhead under a theory of vicarious liability because Ensminger was allegedly acting within the scope of his

---

[1] The Court notes that Defendants attempted to a file late response and late motions for extension to respond to Harleysville's motion. (ECF No's 41, 42, & 43). However, the Court denied those requests and struck any late responses because Defendants failed show good cause or excusable neglect for their untimely pleadings. (ECF No. 50).

employment as a Diamondhead law enforcement officer when the incident occurred. The remaining claims, however—such as the negligent hiring, negligent retention, and negligent supervision claims—are brought under a theory of direct liability for Diamondhead's own unlawful conduct.

When the incident occurred, Diamondhead had a commercial general liability insurance policy (the "CGLP") issued by Harleysville.[2] The CGLP provides that Harleysville has a duty to defend and indemnify Diamondhead in any lawsuit asserting "bodily injury" or "property damage" to which the insurance applies.[3] The policy further provides that coverage extends to the actions of Diamondhead's employees when acting within the scope of their employment.

Chambliss and Nelson's third-party complaint against Diamondhead and Ensminger includes recovery for their personal injuries and property damage. Thus, according to the terms

---

[2] Harleysville also supplied Diamondhead with an umbrella insurance policy. The umbrella policy provides coverage for any "ultimate net loss" in excess of the "retained limit," i.e. the policy limit specified in the CGLP. Harleysville's duty under the umbrella policy is not triggered unless a duty arises under the CGLP, and coverage under that policy reaches the policy limit. Because the Court concludes that Harleysville has no duty to defend or indemnify Diamondhead under the CGLP, it need not address Harleysville's duty under the umbrella policy.

[3] Specifically, the policy states:

COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY

1. Insuring Agreement

a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply.

****

COVERAGE B – PERSONAL AND ADVERTISING INJURY LIABILITY

1. Insuring Agreement

a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "personal and advertising injury" to which this insurance does not apply.

(ECF No. 38).

of the CGLP, Harleysville is required to defend and indemnify Diamondhead and Ensminger in the underlying state court action, unless a relevant exclusion of coverage applies.

When Harleysville issued the CGLP to Diamondhead, the parties inadvertently omitted an exclusion of law enforcement coverage from the policy. The parties, however, clearly intended for the policy to contain a law enforcement exclusion at the time of contracting. Accordingly, in its previous order, the Court reformed the parties' insurance contract to give effect to their true intent. (ECF No. 37). As reformed, the CGLP excludes coverage for any acts of Diamondhead employees "arising out of" the community's law enforcement activities. (ECF No. 39).

Harleysville now argues that each of the claims against Diamondhead and Ensminger in the underlying state court action arose out of Diamondhead's law enforcement activities. Harleysville contends that the law enforcement exclusion in the CGLP applies, thus relieving it of its duty to defend and indemnify Diamondhead or Ensminger.

## STANDARD OF REVIEW

The standard of review for summary judgment is well established. When a party moves for summary judgment, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact, and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Krenik v. County of LeSueur*, 47 F.3d 953 (8th Cir. 1995). This is a "threshold inquiry of…whether there is a need for trial—whether, in other words, there are genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); s*ee also Agristor Leasing v. Farrow*, 826 F.2d 732 (8th Cir. 1987). A fact is material only when its resolution affects the outcome of the case. *Anderson*, 477 U.S. at 248. A dispute is

4

genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party. *Id.* at 252.

The Court must view the evidence and the inferences reasonably drawn from the evidence in the light most favorable to the nonmoving party. *Enterprise Bank v. Magna Bank*, 92 F.3d 743, 747 (8th Cir. 1996). The moving party bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Id.* The nonmoving party must then demonstrate the existence of specific facts in the record that create a genuine issue for trial. *Krenik*, 47 F.3d at 957. A party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials, but must set forth specific facts showing that there is a genuine issue for trial. *Anderson*, 477 U.S. at 256.

## DISCUSSION

The sole issue before the Court is whether the law enforcement exclusion in the parties' reformed insurance contract absolves Harleysville of its duty to defend and indemnify Diamondhead and Ensminger in the underlying state court action.

As an initial matter, the Arkansas Supreme Court has recognized that the duty to defend is broader than the duty to indemnify. *Murphy Oil USA, Inc. v. Unigard Security Ins. Co.*, 61 S.W.3d 807, 812 (Ark. 2001). In other words, where there is no duty to defend, there is generally no duty to indemnify. *See id.* Therefore, if the Court finds that Harleysville has no duty to defend under the reformed CGLP, then it also has no duty to indemnify.

As a general rule, an insurer's duty to defend is determined by the allegations in the pleadings against the insured. *Id.* "[T]he duty to defend arises when there is a possibility that the injury or damage may fall within the policy coverage." *Id.* at 813. However, "where there is no

possibility that the damage alleged in the complaint may fall within the policy coverage, there would be no duty to defend." *Id*.

In this case, the allegations in the third-party complaint against Diamondhead contain two distinct theories of liability: vicarious liability for the conduct of Ensminger, and direct liability for Diamondhead's own unlawful conduct. The Court will address Harleysville's duty to defend according to each of these theories.

### I.     Duty to Defend Vicarious Liability Claims

Chambliss and Nelson allege in their third-party complaint that Ensminger caused their injuries while acting within the scope of his employment as a Diamondhead police officer. Because Ensminger was allegedly acting within the scope of his employment, Chambliss and Nelson seek to recover not only from Ensminger directly, but also from Diamondhead under a theory of *respondeat superior*, or vicarious liability.

Assuming that Ensminger was acting within the scope of his employment,[4] Harleysville's duty to defend turns on whether the law enforcement exclusion under the reformed CGLP applies. The law enforcement exclusion excludes coverage for any liability "arising out of" Diamondhead's law enforcement activities. Because Ensminger is a Diamondhead law enforcement officer, any damage caused by him within the scope of his employment necessarily arises out of law enforcement activity. The record contains no evidence to suggest that Ensminger had any other responsibilities as a Diamondhead employee other than his law enforcement duties. Therefore, if Ensminger was acting within the scope of his employment, the law enforcement exclusion provides that Harleysville has no duty to defend Diamondhead

---

[4] The CGLP covers actions by Diamondhead's employees only if they occur within the scope of their employment. Therefore, if Ensminger was somehow not acting within the scope of his employment as a law enforcement officer at the time of the incident, then the CGLA would not apply, and Harleysville would have no duty to defend.

against the vicarious liability claims in the third-party complaint. This also means that Harleysville has no duty to defend Ensminger directly for the allegations against him in his law enforcement capacity. Because Harleysville has no duty to defend against these claims, it also has no duty to indemnify. *Murphy Oil USA, Inc.*, 61 S.W.3d at 812.

### II.     Duty to Defend the Direct Liability Claims

Chambliss and Nelson also seek to recover from Diamondhead for its own unlawful conduct in negligently hiring, retaining, and supervising Ensminger. These allegations raise the question of whether Diamondhead's own negligent behavior "arises out of" its law enforcement activity for purposes of the law enforcement exclusion in the CGLP.

In the context of insurance contracts, the Arkansas Supreme Court interprets the term "arising out of" broadly. *Hisaw v. State Farm Mut. Auto. Ins.*, 122 S.W. 3d 1, 6 (Ark. 2003). To come within the meaning of that term, there must merely be a causal relation or connection between the relevant conduct and the exclusion in the policy. *Hartford Fire Ins. Co. v. State Farm Mut. Auto. Ins. Co.*, 574 S.W.2d 265, 267 (Ark. 1978). This causal requirement is construed as less than legal proximate cause but more than "but for" causation. *Hisaw*, 122 S.W.3d at 7.

In this case, the allegations against Diamondhead for its own negligence in hiring, retaining, and supervising Ensminger fall within the CGLP's law enforcement exclusion. The causal relationship between Diamondhead's alleged negligence and the community's law enforcement activity is substantial. Indeed, Ensminger's improper law enforcement behavior was a natural consequence of Diamondhead's failure to adequately hire, retain, or supervise him. Therefore, any liability against Diamondhead in this regard necessarily arises out of its law

7

enforcement activity. Accordingly, the law enforcement exclusion applies, and Harleysville has no duty to defend or indemnify Diamondhead as to these claims.

## CONCLUSION

For the reasons stated in this opinion, the Court finds that Plaintiff Harleysville Worchester Insurance Company's Motion for Summary Judgment (ECF No. 38) should be and hereby is **GRANTED**. A Judgment of even date, consistent with this opinion, shall issue.

**IT IS SO ORDERED**, this 11th day of April, 2013.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge
